NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAFAEL MOISES SUAREZ, | No. 21-15537 |
| Plaintiff-Appellant, | D.C. No. 4:20-cv-00317-RCC |
| v. | |
| DOUGLAS DUCEY; STATE OF ARIZONA; UNKNOWN PARTY, named as John Doe #1 Etc.; DEPARTMENT OF CORRECTIONS, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted April 11, 2022[**]

Before:    McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Rafael Moises Suarez appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging federal and state law violations

stemming from Suarez's arrest and conviction in 1997.  We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291.  We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6).

*Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010).  We affirm.

Because Suarez failed to allege facts that could establish an exception under

*Ex Parte Young*, the district court properly dismissed Suarez's claims as barred by

the Eleventh Amendment.  *See Seven Up Pete Venture v. Schweitzer*, 523 F.3d

948, 952-53 (9th Cir. 2008) (describing Eleventh Amendment immunity and the *Ex*

*Parte Young* exception); *Snoeck v. Brussa*, 153 F.3d 984, 986-87 (9th Cir. 1998)

("[A] generalized duty to enforce state law or general supervisory power over the

persons responsible for enforcing the challenged provision will not subject an

official to suit." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**